IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER A. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:09-cv-918-MEF |
| | ) |
| THE CITY OF PRATTVILLE, | ) |
| ALABAMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Now pending before this Court is Defendants' Motion to File Under Seal, (Doc. # 60), filed on January 14, 2011. In its motion, Defendants seeks to file Exhibit "A" to its Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment, (Doc. # 59), under seal because of its "sensitive nature," (Doc. # 60). Namely, it consists of chat logs "contain[ing] explicit language of a sexual nature and obscene photographs." (Doc. # 59, at 21). However, a federal court's authority to seal or otherwise prevent public access to documents or proceedings is derived from Rule 26(c) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(c); *see also In re Estate of Martin Luther King, Jr., Inc., v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002). In relevant part, Rule 26(c) provides:

> Protective Orders. Upon motion by a party or by the person from whom discovery is sought . . . for *good cause* shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression,

>or undue burden or expense, including one or more of the following [examples].

Fed. R. Civ. P. 26(c) (emphasis added).

Even when no third party challenges a motion to seal, the Court must still ensure that the motion is supported by good cause. *See Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1363. "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (internal citation omitted).

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). There is a limited First Amendment right of access to civil trial proceedings. *See Chicago Tribune*, 263 F.3d at 1310. In addition, the public has a common-law right to inspect and copy judicial records,[1] although the right is not absolute. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-98 (1978). Absent a showing that the interests of non-disclosure outweigh the public's common law right of access, courts often deny even joint motions to seal in civil cases. *See, e.g., Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002) (denying joint motion to maintain certain documents

---

[1] While discovery materials are not generally subject to the common-law right of access, discovery materials filed as part of a dispositive motion are "judicial records" subject to the common-law right of access. *See, e.g., Chicago Tribune*, 263 F.3d at 1312; *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1365. Obviously, briefs filed in support of or in opposition to dispositive motions, as well as the exhibits attached thereto, are also "judicial records" subject to the common-law right of access.

under seal); *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514 (E.D. La. 2005) (denying joint motion to seal court record); *Stamp v. Overnite Transp. Co.*, No. Civ. A. 96-2320-GTV, 1998 WL 229538 (D. Kan. Apr. 10, 1998) (denying joint motion to seal court record).

Analysis of whether materials submitted in conjunction with the motion in this case are subject to either the common-law right of access or the First Amendment right of access requires the Court to assess whether the proponent of sealing the documents has satisfied the "good cause" showing required by Federal Rule of Civil Procedure 26(c). *See, e.g., Chicago Tribune*, 263 F.3d at 1310-15; *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1365-67. This analysis requires the Court to (1) determine whether valid grounds for the issuance of a protective order have been presented; and (2) balance the public's interest in access against the litigant's interest in confidentiality. *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1366. The Defendant has failed to present the Court with sufficient grounds for sealing Exhibit "A" pursuant to Federal Rule of Civil Procedure 26(c). Therefore, in light of the foregoing authorities, it is hereby ORDERED that:

Defendants show cause in writing on or before **January 28, 2011**, as to why Defendants' Exhibit "A" to the Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment should be filed under seal. Defendant's submission in response to this Order should cite legal precedent and make specific arguments as to why that precedent supports his position with respect to filing the Response and attached exhibits under seal. Defendants' submission in response to this Order should cite legal precedent

and make specific arguments as to why that precedent supports their position with respect to filing the exhibit under seal.

The Clerk of the Court is DIRECTED not to docket the Exhibit "A" until the Court rules on Defendant's Motion to File Under Seal, (Doc. # 60).

DONE this the 24th day of January, 2011.

                                                /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE